## WARD *et al. v.* CHINA MUT. INS. Co.

### *(Circuit Court, S. D. New York.* November 5, 1890.)

MARINE INSURANCE—DENIAL OF SEAWORTHINESS—BILL OF PARTICULARS.

In a suit on a marine insurance policy seaworthiness is a matter of warranty on the part of the assured, compliance with which must be averred in the complaint, and is put in issue by a denial, and, though the defendant unnecessarily pleads unseaworthiness as a separate defense, he will not be required to furnish a bill of particulars.

At Law. Motion for bill of particulars.
*B. W. Huntington,* for plaintiff.
*Clark & Bull,* for defendant.

LACOMBE, Circuit Judge. If the alleged "unseaworthiness" were in fact a separate and affirmative defense, I should be inclined to grant this motion for a bill of particulars. Seaworthiness, however, is a matter of warranty on the part of the assured, and such warranty must be complied with to entitle him to recover. Such compliance must be pleaded by him, or his complaint does not set forth facts sufficient to constitute a cause of action. Under the state practice the averment of the fifth paragraph of the complaint may be sufficient to fulfill this requirement. If it is not, then the complaint is defective, and demurrable; and such objection may be raised on the trial by a motion to dismiss on the pleadings. If compliance with the implied warranty of seaworthiness is sufficiently averred in the complaint, issue is joined thereon by the specific denial in the answer of every allegation contained in the fifth paragraph of the complaint. Of this issue the plaintiff holds the affirmative. It has been held in this circuit (*Lunt* v. *Insurance Co.,* 6 Fed. Rep. 562) that upon the trial the plaintiff may rely upon a presumption to establish the affirmative of that issue, and that he is not called upon *in limine* to give evidence of his compliance with the warranty; but that does not change the issue itself. It is still one of which the defendant holds the negative, and under which he may introduce evidence showing that the vessel was not in fact seaworthy. There seems, then, to be no necessity for pleading unseaworthiness as a distinct and separate defense, and no ground, therefore, for requiring the defendant to furnish a bill of particulars.